## WILLARD v. SERPELL et al.

(Circuit Court, W. D. Pennsylvania. July 2, 1894.)

No. 11.

TAXATION OF COSTS IN PARTITION—FOLLOWING STATE PRACTICE.

The Pennsylvania statute which provides that in the taxation of costs in all cases of partition there shall be included a reasonable allowance to the plaintiff for counsel fees, as expounded by the supreme court of the state, will be followed by the circuit court of the United States.

Iams & Brock, for complainant.

Shiras & Dickey, for defendants.

ACHESON, Circuit Judge. This is a motion to include in the taxation of costs "a reasonable allowance to the plaintiff" for counsel fees to be paid (out of the appraised valuation) by all the parties in proportion to their several interests, agreeably to the Pennsylvania act of 27th April, 1864, "relative to costs in cases of partition." In Snyder's Appeal, 54 Pa. St. 67, 70, it was declared: "The design of the law was to place the parties upon an equality as to the expenses of effecting partition among them." The court further said: "Owing to minority, coverture, and other causes, the proceeding in partition may be indispensable; and yet, the party, no matter how small his interest, may be compelled to pay attorney's fees for conducting them to a conclusion as beneficial to others as to himself. The law was intended to remedy this injustice." In Grubb's Appeal, 82 Pa. St. 23, 29, 30, it was said: "In proceedings in partition a common benefit is secured to all the parties. The natural and obvious object of the statute was to enforce a contribution from each, proportioned to his share of the common service rendered to them all. Each of the parties would thus pay for the aid he had received." There the court laid down the rule of allowance as this: "The services for the performance of which the statute was meant to provide were searches, formal motions, the preparation of papers and conveyancing; in a word, for such professional duties as would properly enter into a bill of costs of an attorney under the English practice." To the like effect are the views of the court as expressed in Fidelity Ins., etc., Co.'s Appeal, 108 Pa. St. 339.[1] The statute, as thus expounded, adopts a principle analogous to that sanctioned by the supreme court of the United States in Trustees v. Greenough, 105 U. S. 527, and Railroad Co. v. Pettus, 113 U. S. 116, 5 Sup. Ct. 387, where it was held that one jointly interested with others in a common fund, who recovers it for the general benefit, or maintains a suit to save it, and secures its proper application, is entitled in equity to the allowance of costs as between solicitor and client, including reasonable counsel fees. In equity the costs of the commission and of making out the title in partition have always been divided among the parties in proportion to the value of their respective interests. Adams, Eq. 389; Cannon v. Johnson, L. R. 11 Eq. 90. As the Pennsylvania act establishes a just rule applicable to proceedings

[1] 1 Atl. 233.

for partition in all the courts of the state, I think it should be followed by this court, within the limits of allowance for counsel fees indicated by the decisions above cited. Motion granted, the amount of the allowance to be fixed by the court.